FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REGINALD SMITH, | No. 07-16662 |
| Plaintiff - Appellant, | D.C. No. CV-05-02541-WHA |
| v. | |
| MICHAEL L. FRIEDMAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Reginald Smith, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety and medical needs.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a dismissal pursuant to 28 U.S.C. § 1915A.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm in part,  reverse in part, and remand.

The district court concluded that Smith had abandoned his claims against defendant Adam because Smith did not re-allege those claims in the amended complaint.  However, the district court's initial order of dismissal, filed on March 10, 2006, states: "Plaintiff's claims against defendant Adams [sic] are cognizable under 42 U.S.C. § 1983.  For reasons of judicial economy, however, service of those claims will be held until plaintiff files an amended complaint, so all claims can proceed together.  If plaintiff fails to timely amend his complaint, or if the amended claims are dismissed after review, the herein cognizable claims will be served."  Once the district court dismissed Smith's amended claims, it should have ordered service of the claims against Adam, consistent with its prior order. Accordingly, we reverse the dismissal as to Adam, and remand for further proceedings.

The district court properly concluded that Smith's allegations against the remaining defendants failed to state a claim for deliberate indifference.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").

Smith's "Motion for Consider[a]tion," filed on May 18, 2009, is denied as unnecessary.

**AFFIRMED in part, REVERSED in part, and REMANDED.**